1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TINA M.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C24-5247-BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE WITH PREJUDICE**

13
14
15
16
17
18

       Plaintiff Tina M. seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred by finding her mental impairments did not equal a listing, erred in evaluating the medical opinion evidence, erred in assessing her residual functional capacity, and that because of these errors the ALJ's decision is not supported by substantial evidence. Dkt. 11. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

19

## BACKGROUND

20
21
22
23

       Plaintiff is currently 54 years old and was 44 years old on her alleged onset date, has at least a high school education, and has worked as a certified nurse's assistant. Tr. 1709-08. Plaintiff applied for benefits in August 2016, alleging disability as of September 3, 2013; she later amended her alleged onset date to April 24, 2014. Tr. 446, 449, 1764. In November 2018,

the ALJ issued an unfavorable decision. Tr. 62-73. Plaintiff sought judicial review, and this Court reversed the decision and remanded the case for further administrative proceedings. Tr. 1859-66. In April 2023, the ALJ issued a second unfavorable decision. Tr. 1691-1711. Plaintiff now seeks review of the second unfavorable decision.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found plaintiff has not engaged in substantial gainful activity since the alleged onset date; she has the following severe impairments: obesity, fibromyalgia, degenerative disc/joint disease/osteoarthritis/spondylosis, plantar fasciitis, major depressive disorder, generalized anxiety disorder, panic disorder, and posttraumatic stress disorder; and these impairments did not meet or equal the requirements of a listed impairment. Tr. 1694-95. The ALJ found plaintiff had the residual functional capacity (RFC) to perform light work with additional physical, mental, and social limitations. Tr. 1696-97. The ALJ found plaintiff cannot perform her past work, but as there are jobs that exist in significant numbers in the national economy that plaintiff can perform, she is not disabled. Tr. 1709-11.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed if the ALJ committed harmless error. *Id.* at 1111. The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 2

1    (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the

2    Court must uphold the Commissioner's interpretation. *Id*.

3    **A.      Mental Impairments**

4         Plaintiff argues the ALJ erroneously found at step three that her mental impairments did

5    not meet or equal listing 12.04 (major depressive disorder) or 12.06 (anxiety disorder). Dkt. 11 at

6    4.

7         At step three, the ALJ must determine whether a claimant's impairments meet or equal a

8    listed impairment. 20 C.F.R. §§ 404.1520(d), 416.920(d). The listings describe specific

9    impairments that are considered "severe enough to prevent an individual from doing any gainful

10   activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1525(a),

11   416.925(a). A claimant whose impairments either meet or equal a listing is presumptively

12   disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d).

13        For listings 12.04 and 12.06, a claimant meets or equals either listing if she satisfies the

14   diagnostic criteria of paragraph A (which is undisputed in this case) and either the paragraph B

15   or the paragraph C criteria. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, 12.00A. Plaintiff

16   argues her impairments meet or equal the listings under both the paragraph B and the paragraph

17   C criteria.

18        *1.     Paragraph B criteria*

19        To meet the paragraph B criteria for listings 12.04 and 12.06, a claimant must have an

20   extreme limitation of one, or marked limitation of two, of the following areas of mental

21   functioning: (1) understanding, remembering, or applying information; (2) interacting with

22   others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself.

23   *See* 20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.00(A)(2)(b).

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 3

The ALJ found plaintiff had at most a moderate limitation in all four areas. Tr. 1695-96. Plaintiff argues the ALJ erred in assessing each of the four areas of mental functioning, asserting that she has at least a marked limitation in all four areas. Dkt. 11 at 5-10.

In the area of understanding, remembering, or applying information, the ALJ found plaintiff has no more than a moderate limitation. Tr. 1695. The ALJ found that while there were findings at one-time exams that indicated signs of reduced memory, during treatment over the period at issue such deficits were not indicated and instead plaintiff exhibited intact recent, immediate, and remote memory. *Id.*

Plaintiff asserts she has a marked limitation in this area. Dkt. 11 at 5. She points to her testimony that she experiences "fibro fog," cannot remember events from the past week or two, and often forgets dates and times despite writing things down or making notes in her phone (Tr. 1768); a Department of Social and Health Services note which stated that plaintiff had short-term memory problems and instructing caregivers on how to handle them (Tr. 2437); the August 2016 opinion of examining doctor Daniel Pratt, Psy.D., of marked limitation in understanding, remembering, and persisting in tasks (Tr. 2548); and Dr. Pratt's August 2018 opinion of marked limitation in the ability to understand, remember, and persist in tasks by following simple instructions and severe limitation in the ability to do so by following detailed tasks (Tr. 2553-54).

Plaintiff has identified evidence that could support her assertion that she has marked limitations in this area. But the existence of this evidence does not, in and of itself, establish the ALJ's interpretation of the evidence was unsupported or unreasonable. The ALJ did not ignore evidence of plaintiff's limitations in this area, but rather found the bulk of the evidence from ongoing treatment records did not support a greater limitation than the ALJ found. The ALJ cited

to dozens of treatment notes that either failed to indicate an impairment in memory or that specifically noted intact immediate, recent, and remote recall. In addition, the ALJ found plaintiff's testimony to be inconsistent with the evidence, a finding plaintiff does not challenge, and gave little weight to Dr. Pratt's opinion, a finding the Court affirms below. The ALJ could reasonably conclude that the numerous assessments from plaintiff's treating providers outweighed plaintiff's inconsistent testimony, a DSHS document, and a discounted medical opinion. Plaintiff asks the Court to reweigh the evidence and give greater weight to the evidence she has identified. But this the Court cannot do. Because the ALJ's finding is rational and supported by substantial evidence, the Court must uphold it.

In the area of interacting with others, the ALJ found plaintiff had at most a moderate limitation. Tr. 1695. The ALJ found while plaintiff endorsed anxiety, depression, and feeling withdrawn, and there were noted signs of tearfulness with a depressed and irritable mood, as a whole, plaintiff presented with normal affect and behavior throughout the relevant period. Tr. 1695-96.

Plaintiff argues she has at least a marked limitation in this area. Dkt. 11 at 6. She points to her testimony that she does not have many friends and does not want to be around other people, she does not like a lot of noise, she gets into arguments with family members over small things, and she is irritated all day long because of pain (Tr. 1769-70, 3151); a DSHS caregiver assessment that notes irritability (Tr. 2488); plaintiff's statements she does not like authority figures and cannot get along with others for long (Tr. 2193); Dr. Pratt's observation of "muscular tension" when plaintiff was called to the door for her evaluation and his opinion that plaintiff had a marked limitation in her ability to communicate and perform effectively in a work setting (Tr. 2547-48); and Dr. Pratt's opinion that plaintiff had a marked limitation in her ability to ask

simple questions or request assistance and in her ability to communicate and perform effectively in a work setting (Tr. 2554).

Plaintiff has again identified evidence, including evidence the ALJ properly discounted, that could support her assertion of a marked limitation in this area and asks the Court to reweigh that evidence in favor of her argument. But again, the ALJ discussed plaintiff's reports and others' observations of depression, anxiety, and irritability, while also identifying numerous treatment notes that noted normal affect and behavior throughout the relevant period. The ALJ's conclusion that this evidence supported a finding of a moderate, rather than a marked, limitation was rational, and therefore this Court may not disturb it. Because the ALJ's finding is rational and supported by substantial evidence, the Court must uphold it.

In the area of concentrating, persisting, or maintaining pace, the ALJ found plaintiff had at most a moderate limitation. Tr. 1696. The ALJ noted plaintiff endorsed difficulty concentrating and demonstrated some diminishment in concentration on exam, but she performed other tasks without apparent difficulty and there was no apparent diminishment in this area during mental health follow ups. *Id.*

Plaintiff asserts she has at least a marked limitation in this area. Dkt. 11 at 7-8. She points to her testimony about difficulty concentrating due to pain and the effects of "fibro fog" (Tr. 1770, 3153), Dr. Pratt's findings of performance difficulties with concentration (Tr. 2547, 2550), and Dr. Pratt's opinion that she had a severe limitation in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision (Tr. 2554).

Plaintiff has identified the same evidence that the ALJ considered in evaluating this area, her testimony and Dr. Pratt's examinations, and asks the Court to find that this evidence supports

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 6

a greater limitation than the ALJ found. But, again, the ALJ considered this evidence, much of which the ALJ validly discounted, along with the evidence from treatment records and concluded that it supported a finding of a moderate limitation in this area. This was a rational interpretation of the evidence that this Court cannot disturb. Because the ALJ's finding is rational and supported by substantial evidence, the Court must uphold it.

In the area of adapting or managing oneself, the ALJ found plaintiff had no more than a moderate limitation. Tr. 1696. The ALJ noted plaintiff regularly presented unremarkably and with a thought process within normal limits, and treatment notes documented appropriate eye contact and behavior, normal motor activity, normal thought process with logical association, and normal thought content. *Id.*

Plaintiff asserts that she has a marked limitation in this area. Dkt. 11 at 8. She points to her testimony about her need to lay down during the day, her difficulty sleeping, her feeling of worthlessness and dislike of change, and the side effects of her medications including dizziness and drowsiness. Tr. 1769-73, 1954, 21-90. She also points to documents listing DSHS caregiver duties including assistance with medication, food preparation, personal care, and household chores. Tr. 2271, 2296, 2300, 2376, 2396.

The ALJ relied on findings of normal thought process and behavior but did not discuss evidence related to plaintiff's ability to manage herself and any challenges she may have with daily activities. However, because the ALJ validly found that plaintiff had moderate limitations in the other three areas of mental functioning, a finding of marked limitation in this area would not result in a finding that plaintiff's impairments meet or equal a listing. Thus, any error in the ALJ's assessment of this area would be harmless. *See Molina*, 674 F.3d at 1122 (an error is harmless where it is inconsequential to the ALJ's ultimate nondisability determination).

1    In sum, plaintiff identifies evidence that she asserts supports greater limitations than the

2    ALJ found. But the ALJ properly discounted much of this evidence, and the possibility of an

3    alternative interpretation of the evidence that supports her claim is insufficient to establish error

4    in the ALJ's decision. The ALJ cited to substantial evidence from throughout the record to

5    support his findings that plaintiff had no more than a marked limitation in at least three areas of

6    mental functioning. Plaintiff has failed to establish that these findings were unsupported or based

7    on legal error. Accordingly, the Court finds that the ALJ did not commit harmful legal error in

8    finding that plaintiff's mental impairments do not meet or equal a listing under the paragraph B

9    criteria.

10        2.    *Paragraph C criteria*

11    To meet the paragraph C criteria of listings 12.04 and 12.06, a claimant must have a

12    "serious and persistent" mental disorder, which means there is a medically documented history

13    of the disorder over a period of at least two years and there is evidence of both (1) medical

14    treatment, mental health therapy, psychosocial supports or a highly structured setting that is

15    ongoing and diminishes the symptoms and signs for the mental disorder, and (2) marginal

16    adjustment, which is "minimal capacity to adapt to changes in [the claimant's] environment or to

17    demands that are not already part of [the claimant's] daily life." *See* 20 C.F.R. Part 404, Subpart

18    P, Appendix 1 § 12.00(A)(2)(c).

19    The ALJ found plaintiff's impairments did not satisfy the paragraph C criteria, based on

20    the examples discussed in evaluating the paragraph B criteria and the discussion in the remainder

21    of the decision. Tr. 1696.

22    Plaintiff argues she meets the paragraph C criteria because her depression and anxiety

23    have been present since at least 2014, she has experienced stability when she was undergoing

treatment including therapy and taking prescription medication and had increased struggles when she was not, and she has struggled to adjust to changes in her daily life in the decade since she began treatment. Dkt. 11 at 10-11. To support her assertion that she has experienced marginal adjustment, she points to her testimony that she is restless, worrisome, irritable, feels worthless, wakes in the night feeling fear and anxiety, and dislikes any change. *Id.*

Plaintiff has pointed to no evidence other than her own statements about her difficulty with change to support her assertion that she experiences marginal adjustment. However, the ALJ found that plaintiff's statements were inconsistent with the evidence, a finding that plaintiff does not challenge. And even if the ALJ had fully credited these statements, they are insufficient in and of themselves to support a conclusion that plaintiff had such limited capacity to adapt to change that it rose the level of marginal adjustment. The ALJ could rationally conclude that the evidence the ALJ assessed in evaluating the paragraph B criteria was insufficient to establish that plaintiff's asserted difficulties with change arose to the level of marginal adjustment as required by the paragraph C criteria. The ALJ's finding is rational and supported by substantial evidence. The Court finds no error in the ALJ's conclusion that plaintiff's impairments did not meet the paragraph C criteria.

The Court finds the ALJ's finding at step three that plaintiff's mental impairments did not meet or equal a listed impairment is supported by substantial evidence and free of harmful legal error and therefore affirms that finding.

### B.    Medical Opinions

Plaintiff argues the ALJ erred by giving little weight to the opinions of Dr. Pratt. Dkt. 11 at 12-13. For cases filed before March 2017, as this one was, the ALJ should generally give more weight to the opinion of a treating doctor than to a non-treating doctor, and more weight to the

1   opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821,

2   830 (9th Cir. 1996). Where not contradicted by another doctor, an ALJ may reject a treating or

3   examining doctor's opinion only for "clear and convincing reasons." *Id.* at 830-31. Where

4   contradicted, an ALJ may reject a treating or examining doctor's opinion only by giving

5   "specific and legitimate reasons" that are supported by substantial evidence in the record. *Id.* at

6   830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). An ALJ does this by

7   setting out a detailed and thorough summary of the facts and conflicting evidence, stating her

8   interpretation of the facts and evidence, and making findings. *Magallanes v. Bowen*, 881 F.2d

9   747, 751 (9th Cir. 1989). The ALJ must do more than offer her conclusions; she must also

10  explain why her interpretation, rather than the treating doctor's interpretation, is correct. *Orn v.*

11  *Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th

12  Cir. 1988)).

13          In 2016, Dr. Pratt opined plaintiff had marked limitations in the ability to follow detailed

14  instructions; perform activities within a schedule, maintain regular attendance, and be punctual

15  within customary tolerances without special supervision; communicate and perform effectively

16  in a work setting; maintain appropriate behavior in a work setting; and complete a normal

17  workday and work week without interruptions from psychologically based symptoms. Tr. 1211.

18  He opined numerous additional moderate limitations. *Id.*

19          In 2018, Dr. Pratt opined plaintiff had severe limitations in the ability to follow detailed

20  instructions; perform activities within a schedule, maintain regular attendance, and be punctual

21  within customary tolerances without special supervision; adapt to changes in a routine work

22  setting; maintain appropriate behavior in a work setting; and complete a normal workday and

23

1   work week without interruptions from psychologically based symptoms. Tr. 2554. He opined

2   that plaintiff had marked limitations in nearly all other areas of mental functioning. *Id.*

3         The ALJ gave little weight to Dr. Pratt's opinions, finding that Dr. Pratt's assessment was

4   not consistent with the totality of the clinical observations of plaintiff during the relevant period.

5   Tr. 1707. The ALJ noted plaintiff's treating cognitive behavioral therapist observed depressed or

6   sad mood, but also regularly observed significant benign findings such as appropriate eye contact

7   and behavior, normal motor activity, cooperative attitude, fluent speech with normal volume and

8   pitch, normal thought process, and intact immediate, recent, and remote memory. *Id.* The ALJ

9   also noted during earlier mental health treatment, plaintiff regularly presented with normal

10   appearance, speech, and thought processes. *Id.* The ALJ concluded these regularly observed

11   benign clinical signs from plaintiff's treating providers contradict Dr. Pratt's opinions. *Id.*

12         Plaintiff argues the ALJ erred in relying on plaintiff's presentation during therapy

13   sessions because therapy is a supportive situation and plaintiff's ability to be cooperative with

14   her providers does not undermine those providers' opinions about her limitations in her ability to

15   interact with coworkers, supervisors, and the public. Dkt. 11 at 12-13. Plaintiff cites to *Tina R. v.*

16   *Comm'r of Soc. Sec.*, Case No. C18-1041-JLR, 2019 WL 1417301 (W.D. Wash. Mar. 29,

17   2019)), where the ALJ rejected multiple providers' opinions in part because their own treatment

18   notes were frequently unremarkable with scant mention of cognitive deficits. The court found

19   that this was error because a claimant's ability to be cooperative with treatment providers does

20   not contradict those providers' opinions about her ability to interact with others in the workplace,

21   where relationships are different than in a less demanding or more supportive treatment

22   environment. *Id.* at *5.

23

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 11

1    *Tina R.* does not stand, as plaintiff seems to assert, for the proposition that mental health

2    treatment notes are not a relevant consideration in evaluating medical opinions, simply by virtue

3    of the setting in which those notes are made. In *Tina R.*, the ALJ relied on the providers' own

4    treatment notes to discount their opinions in what the court found to be an "overly narrow"

5    reading of the evidence. *Id.* The court found error in the ALJ's reliance on the claimant's ability

6    to interact with her treatment providers in a therapeutic setting to reject the providers' opinions

7    about the claimant's ability to interact with others outside that setting. In this case, the ALJ relied

8    on treatment records from multiple providers spanning the course of the relevant period, noting

9    normal findings or no deficits in numerous areas including behavior, appearance, motor activity,

10   attitude, speech, thought process, and memory, and found this evidence to be inconsistent with

11   the marked and severe limitations opined by Dr. Pratt. This was not a narrow view of the

12   evidence, nor was it a rejection of Dr. Pratt's opinion based on plaintiff's ability to interact with

13   her treatment providers. An ALJ may give less weight to an opinion that is inconsistent with

14   other evidence in the record. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th

15   Cir. 2004). The ALJ identified evidence throughout the record that was inconsistent with Dr.

16   Pratt's opinion. This was a valid reason to discount his opinion.

17       Plaintiff also asserts the ALJ erred in assessing the opinion of examiner Kathleen Dee,

18   PMHNP. Dkt. 11 at 13. Ms. Dee examined plaintiff in November 2022 and opined plaintiff had

19   difficulty understanding, remembering and carrying out instructions and following a

20   conversation; she had extreme limitations in abstract thinking, reasoning, judgment, and insight;

21   her short-term memory was intact but her long-term memory was impaired; her mental flexibility

22   was markedly limited; she was unable to sustain concentration and persist with simple and multi-

23

step tasks for a moderate period of time; she was distractable and fatigued on more complex

tasks; and she had limited social interaction. Tr 4781-82.

The ALJ gave this opinion little weight, finding that the severity of Ms. Dee's opinion

was not supported by her examination. Tr. 1708. The ALJ noted, as an example, that plaintiff's

responses to various questions were not extreme as Ms. Dee characterized them, but rather were

related to the questions even if not full or the best interpretations. *Id.* at 1708-09. The ALJ also

found the opined limitations were not consistent with the totality of clinical signs exhibited

throughout the period at issue, including normal behavior and normal thought process with intact

memory. Tr. 1709.

Plaintiff argues the ALJ failed to explain why Ms. Dee's analysis of plaintiff's statements

during the examination were inadequate, asserting that the ALJ offers his own interpretation of

the statements but does not explain why Ms. Dee's were wrong. Dkt. 11 at 13.

Under the regulations governing this case, Ms. Dee, a psychiatric mental health nurse

practitioner, is not an acceptable medical source. *See* 20 C.F.R. § 404.1527. The ALJ may

evaluate opinions of other medical sources using the same factors used to evaluate medical

opinions of acceptable medical sources. 20 C.F.R. § 404.1527(f). But the ALJ need only give

specific, germane reasons for rejecting opinions from other sources that are not acceptable

medical sources. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Inconsistency with the

medical evidence is a germane reason to reject other witness testimony. *See Bayliss v. Barnhart*,

427 F.3d 1211, 1218 (9th Cir. 2005).

Even if plaintiff is correct the ALJ improperly substituted his interpretation of plaintiff's

statements during the examination for Ms. Dee's, the ALJ also found Ms. Dee's opinion was

inconsistent with the clinical findings throughout the record, noting the same findings of normal

1   behavior, thought process, and memory he discussed with respect to Dr. Pratt's opinion. Tr.

2   1709. This was a germane reason, supported by substantial evidence, for discounting the opinion.

3   Because the ALJ gave a valid reason to discount the opinion, the Court need not address

4   plaintiff's argument with respect to the other reason the ALJ gave.

5          The Court finds the ALJ's assessment of Dr. Pratt's and Ms. Dee's opinions is free of

6   harmful legal error and supported by substantial evidence and therefore affirms those findings.

7          **C.        Residual Functional Capacity Finding**

8          Plaintiff argues the ALJ erred in finding she had the residual functional capacity to

9   perform light work because the ALJ failed to consider plaintiff's own statements about her

10  abilities. Dkt. 11 at 13-14.

11         Plaintiff first states that examining doctor Andrew Tsoi, M.D., opined she was limited to

12  sedentary work and that later consultative opinions found that Dr Tsoi's opinion was supported

13  by the balance of the evidence. Dkt. 14 at 16. Plaintiff makes no argument related to this

14  evidence. Nevertheless, the Court notes plaintiff cites to a disability determination explanation

15  form that describes Dr. Tsoi's opinion as limiting plaintiff to sedentary work and to findings in

16  that document and in a later form that Dr. Tsoi's opinion was supported. Tr. 1820-21, 1827,

17  1846. However, Dr. Tsoi's actual opinion upon examination was that plaintiff was limited to

18  light work. Tr. 1203, 2729. The ALJ gave this opinion great weight. Tr. 1705. Plaintiff has not

19  assigned error to the ALJ's assessment of this opinion or otherwise attempted to explain how the

20  ALJ should have addressed the apparently erroneous description of Dr. Tsoi's opinion as limiting

21  plaintiff to sedentary work. Because plaintiff makes no argument related to this opinion and

22  because the Court finds no error in the ALJ giving great weight to the opinion itself rather than

23

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 14

the apparently erroneous description of the opinion elsewhere in the record, the Court declines to further address this assertion.

Plaintiff also describes her testimony about her limitations due to pain, including her inability to do anything for herself, her inability to bend, twist, or turn without experiencing unbearable pain, her inability to stand to complete chores for more than a couple minutes, and the headaches she experiences if she does not take her medication on time. Dkt. 11 at 14-15. She asserts this testimony establishes she cannot perform light work, which requires more standing, walking, lifting, and carrying than plaintiff testified she could do. *Id.* at 15.

Despite arguing the ALJ erred by failing to incorporate her statements into the RFC finding, plaintiff has not challenged the ALJ's assessment of her testimony. The ALJ found plaintiff's testimony was inconsistent with the evidence and those inconsistencies undermined the weight that can be given to plaintiff's symptom reports. Tr. 1699. The ALJ conducted a thorough assessment of the medical evidence and opinions, finding that they did not support greater limitations than the ALJ assessed. Tr. 1699-1709. Plaintiff has not assigned error to this finding, and the Court finds no reason to conclude that it was erroneous or unsupported by the evidence. Because the ALJ did not err in finding plaintiff's statements inconsistent with the evidence, the ALJ did not err by failing to incorporate those statements into the RFC finding.

Plaintiff has not established that the ALJ's RFC finding was unsupported by the evidence or based on legal error. Therefore, the Court affirms the ALJ's RFC assessment.

//

//

//

//

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 15

1

**CONCLUSION**

2

Plaintiff has failed to establish that the ALJ's decision is unsupported by substantial

3

evidence or based on harmful legal error. Accordingly, the Commissioner's decision is

4

**AFFIRMED,** and this case is **DISMISSED** with prejudice.

5

DATED this 21st day of October, 2024.

6

7

_____

8

BRIAN A. TSUCHIDA
United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23